IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLAS BREW WORKS, LLC.<br>2052 West Virginia Ave, NE, Suite 102<br>Washington, DC 20002<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW G. WHITAKER, in his official capacity as Acting Attorney General of the United States,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br><br>Defendant. | ) Civil Action No.<br>)<br>) COMPLAINT<br>)<br>) TEMPORARY RESTRAINING<br>) ORDER AND PRELIMINARY<br>) INJUNCTION REQUESTED<br>) |

Case: 1:19-cv-00079
Assigned To : Cooper, Christopher R.
Assign. Date : 1/15/2019
Description: TRO/PI (D-DECK)

## COMPLAINT

### INTRODUCTION

The First Amendment never "shuts down." Always essential, it remains in effect regardless of what Congress may or may not decide with respect to the federal budget. Americans' fundamental right to free speech requires no Congressional authorization.

The Framers would have recoiled at the notion that Americans would fear criminal prosecution for speaking, merely because Congress has not enacted a bill funding the operation of a content-based prior restraint on their speech. Yet that is the quandary afflicting Atlas Brew Works, a neighborhood production craft brewer in our Nation's capital. The Federal Alcohol Administration Act, 27 U.S.C. § 207, subjects Atlas to criminal penalties should it ship beer with unapproved labels in interstate commerce. But Congress has not enacted legislation funding the issuance of "Certificates Of Label Approval," or "COLAs," for beer labels at the present time. There is no telling whether or when such legislation might be forthcoming, or how long it might take the government to approve COLA applications should funding for this activity be someday restored.



RECEIVED
JAN 15 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

But Atlas must exercise its First Amendment speech rights *now*.

Atlas sits on 40 barrels of seasonal, perishable beer—an apricot-infused India pale ale known as THE PRECIOUS ONE—that it cannot lawfully label for interstate sale in kegs, as scheduled, for lack of a COLA. Atlas needs not only to sell this product, but to have its fermenting tanks emptied of THE PRECIOUS ONE to make way for the production of other beer, including its summer seasonal brew. The government has approved the brewery's label for the sale of THE PRECIOUS ONE in cans, but stopped reviewing COLA applications before reaching Atlas's application to approve THE PRECIOUS ONE's "keg collar" label. Atlas cannot can its entire production of THE PRECIOUS ONE. It must ship substantial amounts of this beer in kegs, in interstate commerce and soon, lest THE PRECIOUS ONE become worthless. And it has other beers in the pipeline, requiring labels not yet approved by the government.

Atlas does not seek a mandatory injunction to reopen the COLA function. It does not seek the redirection or appropriation of any federal funds. It raises no challenge to the COLA process itself, or to any of the standards the government would apply in licensing beer labels were the government back in the licensing business.

Rather, Atlas's propositions are simple: It cannot be denied the right to speak for lack of meeting an impossible condition. The *right* to free speech is not a favor that the government affords Americans when political circumstances allow. Moreover, the COLA requirement, a content-based prior restraint on speech, is currently unconstitutional because the licensing authority withholds permission indefinitely. Under these circumstances, the COLA requirement's enforcement must be enjoined.

## THE PARTIES

1. Plaintiff Atlas Brew Works LLC ("Atlas"), is a limited liability company organized under the laws of the State of Delaware, whose headquarters are located in the District of Columbia, and whose principal place of business is located in the District of Columbia. Atlas Brew Works creates and sells craft beers from its solar-powered facility, shipping approximately 60,000 cases a year to its network of wholesalers who in turn distribute Atlas Brew Works beers to its corporate customers in the retail, bar, and restaurant businesses. Atlas Brew Works brings this action on its own behalf and on behalf of its customers and the consumers of its products.

2. Defendant Matthew Whitaker is sued in his capacity as the Acting Attorney General of the United States. As the Acting Attorney General, Whitaker is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action..

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346, 2201, and 2202.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Atlas Brew Works Speaks Via Beer Labels*

5. Speech is essential to Atlas Brew Works. Like all beverage producers, Atlas Brew Works must label the containers of its products that it wishes to distribute. It cannot sell, and no one will purchase, random unidentified liquids.

6. Atlas Brew Works expresses itself through the labels it places on cans and kegs containing its beers. Its labels communicate essential information to consumers, such as a beer's

3

brand name, the style and type of beer, a beer's ingredients, its origin, alcohol content, and important safety information. The labels also contain other useful information, such as suggested food pairings and Atlas's web address where individuals may read more messages from Atlas. And by its choice of font, color, artwork, and other design elements of its beer labels, Atlas Brew Works seeks to enhance consumers' enjoyment of its product and convey and further the Atlas brand.

*The Criminalization of Unapproved Beer Labels*

7. The Federal Alcohol Administration Act, 27 U.S.C. § 201 et seq. ("the FAA Act") regulates the content of alcoholic beverage labels shipped in interstate commerce by requiring and forbidding various types of speech that such labels might convey. The Act provides that "[i]t shall be unlawful for any person engaged in business as a . . . brewer . . . [t]o sell or ship or deliver for sale or shipment, or otherwise introduce in interstate or foreign commerce . . . any . . . malt beverages in bottles, unless such products are bottled, packaged, and labeled in conformity with such regulations, to be prescribed by the Secretary of the Treasury, with respect to packaging, marking, branding, and labeling and size and fill of container . . . ." 27 U.S.C. § 205(e).

8. The regulations issued by the Treasury Secretary must prohibit various false, misleading, obscene, or misleading statements, and the disparagement of competitors' products; and require the disclosure of the beer's identity and quality, the net contents of the container, and the identity of the beer's manufacturer, 27 U.S.C. § 205(e), and this, they do. *See* 27 C.F.R. Part 7.

9. To ensure compliance with federal beer label content standards, the FAA Act subjects all beer labels to a prior restraint, known as a "COLA".

> In order to prevent the sale or shipment or other introduction of . . . malt beverages in interstate or foreign commerce, if bottled, packaged, or labeled in violation of the requirements of this subsection . . . no brewer or wholesaler of malt beverages shall bottle . . . for sale or any other commercial purpose . . . malt beverages . . . unless, upon application to the Secretary of the Treasury, he has obtained and has in his possession a certificate of label

4

>approval covering the . . . malt beverages, issued by the Secretary in such manner and form as he shall by regulations prescribe: *Provided*, That any such . . . brewer or wholesaler of malt beverages shall be exempt from the requirements of this subsection if, upon application to the Secretary, he shows to the satisfaction of the Secretary that the . . . malt beverages to be bottled by the applicant are not to be sold, or offered for sale, or shipped or delivered for shipment, or otherwise introduced, in interstate or foreign commerce.

27 U.S.C. § 205(e). A Treasury regulation likewise provides that "[n]o person may bottle or pack malt beverages, or remove malt beverages from the plant where bottled or packed unless an approved certificate of label approval, TTB Form 5100.31, is issued." 27 C.F.R. § 7.41(a). But brewers need no longer seek exemptions from the label approval requirement when selling beer intrastate. *See* TTB Ruling 2013-1 (Mar. 27, 2013), available at https://www.ttb.gov/rulings/2013-1.pdf

10. The FAA Act, including the COLA requirement, is administered by the Treasury Department's Alcohol and Tobacco Tax and Trade Bureau ("TTB"). COLA applications for beer are typically processed within three weeks.

11. The Attorney General may bring an action in the relevant United States District Court "to prevent and restrain violations of" the FAA Act. Shipping beer in interstate commerce without a COLA, in violation of 27 U.S.C. § 205, is a misdemeanor punishable by a fine of up to $1,000 per offense, although the Treasury Secretary is authorized to settle for half. 27 U.S.C. § 207.

*The Prohibition of Atlas Brew Works's Labels*

12. On January 3, 2019, Atlas began brewing the first 40 of 100 planned barrels of THE PRECIOUS ONE, a seasonal, apricot-infused India pale ale that it intends to sell between February and April, 2019. Atlas distributes approximately 60% of its beer in half-barrel kegs, and approximately 40% of its beer in cans. Of the initial 40 barrel batch of THE PRECIOUS ONE, Atlas would fill approximately 40 kegs. It intends to retain four of these kegs for its tap room. Half the remaining

5

kegs will be distributed elsewhere within the District of Columbia, and the other half will be distributed to Atlas's five out-of-state distributors in Maryland, Virginia, and Tennessee.

13. On November 28, 2018, Atlas applied for a COLA for the labeling of cans of THE PRECIOUS ONE. On December 17, 2018, the TTB approved this application.

14. On December 20, 2018, Atlas applied for a COLA for the label to be applied to kegs of THE PRECIOUS ONE, and for COLAs for nine other labels, of which five have been approved.

15. On December 22, 2018, appropriations lapsed for various government agencies, including the TTB, without the TTB having taken any action on Atlas's five pending COLA applications, including the COLA application for THE PRECIOUS ONE keg label.

16. "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law . . . ." U.S. Const. art. 1, § 9, cl. 7.

17. The TTB's home page now greets visitors with an advisory titled,

APPROPRIATIONS LAPSE NOTICE
CESSATION OF TTB OPERATIONS
WITH LIMITED ACCESS TO
www.ttb.gov

18. TTB advises that COLA "submissions will not be reviewed or approved until appropriations are enacted. In addition, other information on this website may not be up to date, and TTB will not be able to respond to questions or comments submitted via the website until appropriations are enacted. TTB will suspend all non-excepted TTB operations, and no personnel will be available to respond to any inquiries, including emails, telephone calls, facsimiles, or other communications. The website and operations will fully resume when appropriations are reenacted. TTB has directed employees NOT to report to work and they are prohibited by federal law from volunteering their services during a lapse in appropriations. Once funding has been restored and the

government shutdown is over, we will work to restore regular service as soon as possible." *See* https://www.ttb.gov/index.shtml (last visited Jan. 13, 2019).

19. The initial 40 barrels of THE PRECIOUS ONE are ready for consumption. The beer is perishable after 120 days, and seasonal. Atlas cannot retain THE PRECIOUS ONE in its fermenting tank indefinitely, and it will need to have the tank vacated of THE PRECIOUS ONE to make room for the production of additional beer. Atlas cannot realistically sell all of THE PRECIOUS ONE intended for interstate keg delivery by other means. It can sell only so much beer in its tap room, in kegs for distribution within Washington, D.C., and in cans. In any event, Atlas intends to continue conveying its beer labels beyond the District of Columbia, so that its public in the various states may continue receiving Atlas's messages (and its beer).

20. Atlas estimates its losses from being unable to sell THE PRECIOUS ONE kegs in interstate commerce would be $5,000 for the current 40 barrel batch, and $15,000 for the total planned 100 barrel production run. These losses would multiply greatly, threatening Atlas's continued existence, as the COLA prohibition effectively shuts down further production of new beers and the rebranding of existing beers.

21. Atlas refrains from labeling and placing kegs of THE PRECIOUS ONE in interstate commerce because it does not have a Certificate Of Label Approval for any label that it might place on THE PRECIOUS ONE kegs, and it reasonably fears prosecution under 27 U.S.C. § 207 for violating the COLA requirement of 27 U.S.C. § 205(e) and 27 C.F.R. § 7.41(a). Atlas will refrain from publishing other new beer labels indefinitely for the same reason.

## COUNT ONE
## RIGHT OF FREE SPEECH, U.S. CONST. AMEND. I

22. Beer labels are a form of expression protected by the First Amendment. *See, e.g., Rubin v. Coors Brewing Co.*, 514 U.S. 476 (1995); *Bad Frog Brewery, Inc. v. New York State Liquor Authority*, 134 F.3d 87 (2d Cir. 1998); *Flying Dog Brewery, LLLP v. Mich. Liquor Control Comm'n*, 597 Fed. Appx. 342 (6th Cir. 2015); *Hornell Brewing Co. v. Brady*, 819 F. Supp. 1227 (E.D.N.Y. 1993).

23. Because, as a matter of law, no mechanism exists by which brewers might obtain a Certificate Of Label Approval for their beer, criminalizing the publication of unapproved beer labels violates the First Amendment right of free speech on its face, and as applied to Atlas Brew Works's labels. Atlas is entitled to declaratory and injunctive relief against these violations of its First Amendment rights and those of its customers.

## COUNT TWO
## RIGHT OF FREE SPEECH — PRIOR RESTRAINT, U.S. CONST. AMEND. I

24. The Certificate Of Label Approval requirement of 27 U.S.C. § 205(e) and 27 C.F.R. § 7.41, is a content-based prior restraint on speech.

25. As a matter of law, this prior restraint is currently unbounded as to time. It therefore violates the First Amendment right of free speech.

26. Defendant's enforcement of this content-based prior restraint, on its face and as-applied against Atlas Brew Works's labels, notwithstanding the fact that applications to approve labels under the scheme are indefinitely unreviewable as a matter of law, violates Atlas's First Amendment right to publish its beer labels, and the First Amendment right of Atlas's customers and consumers' right to receive the labels. Atlas is entitled to declaratory and injunctive relief against these violations of the First Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a temporary restraining order, preliminary injunction, and permanent injunction, prohibiting defendant, his officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 27 U.S.C. § 207 against Atlas Beer Works LLC for bottling, distributing, displaying, or advertising kegs of THE PRECIOUS ONE without a Certificate Of Label Approval.

2. Issue preliminary and permanent injunctions prohibiting defendant, his officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 27 U.S.C. § 207 against the bottling, distributing, displaying, or advertising of beer without a Certificate Of Label Approval.

3. Declaratory relief consistent with the injunction;

4. Costs of suit;

5. Attorney fees and costs pursuant to 28 U.S.C. § 2412; and

6. Any other further relief as the Court deems just and appropriate.

Dated: January 15, 2019

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura PLLC
916 Prince Street, Suite 107
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: _____
Alan Gura

Attorney for Plaintiff Atlas Brew Works LLC